Counsel, I have a question for you. Yes, Your Honor. My impression is that your First Amendment argument was not made in district court. A due process argument was made there, but not a First Amendment argument. Is that correct? I don't think so. No, that's not our position, Your Honor. We believe that a First Amendment argument was made. Where? It was made after the trial was over and a motion for a new trial where the defense counsel talked about the dangers of this type of procedure being used to make an ad hoc determination on whether something is technical, that or not. And explained how, excuse me, explained how, in this particular case especially, people, innocent people could be brought into the scope of the statute and possibly prosecuted for something that they didn't knowingly or willingly participate in. Did he give his name for the record? Judge Fletcher just made the point. Did you give your name for the record? I identified you, but you didn't identify yourself, so.      Sure. I'm Mr. McClary. Thank you. Curt Mayer on behalf of Mr. Mack. Thank you. The wellspring really of the issues that we've raised here have to do, has to do with the incorrect decision that was made by the district court to give the technical data designation by the State Department to make it unassailable. And that decision by the court rippled throughout the trial and severely compromised Mr. Mack. But doesn't, don't Edley and Posey control here? They've indicated that the AECA and its predecessor, the MSA, withstand First Amendment challenge. They apply here. Yes, that's correct, Your Honor. And we've used them, we've used them throughout our briefs to support our argument. The difference between those cases and what happened here is that you have a statute that's being used by the government in a criminal prosecution to make an ad hoc designation of something as technical data and not leaving the defendant an opportunity in any way, either at the time the designation is made or in trial, to challenge it. The reason that I talked about the First Amendment implicating the Fifth and Sixth Amendment here is because what you have is a court saying to the jurors, this designation is unassailable. In other words, the court said these two documents, the QED and the solid state document, are technical data and that can't be challenged. You have to accept that as true. But he also told, the court also told the jury that technical data is export controlled and technical data is information that is not in the public domain. And by making those unassailable, that's how he ended up implicating the First, the Fifth, and the Sixth Amendments. And that's what makes this case different. I don't understand what the constitutional problem is with the government saying, certain kinds of defense information cannot be exported to other countries and we don't really care whether you think everybody knows it or everybody could figure it out or it's obvious. What's the constitutional problem? It's not a constitutional problem in and of itself, Your Honor. It's a constitutional problem as it was done here because it never gave. Suppose the government is wrong. It says you can't export to other countries information on the kind of titanium we use, what the exact alloy is. In fact, there are ads by the manufacturer of the alloy saying exactly what the alloy is. Why can't the government still prohibit somebody who works in the industry from exporting that? We're not saying that the government cannot do that. What we're saying is that in a criminal trial, that designation, that that titanium in the court's example is technical data, has to be something that the defense should be able to challenge. In other words, we're not challenging that the State Department can say this is technical data. We're saying that in a criminal trial, whether this particular item meets the definition of technical data has to be something that can be challenged in a criminal court. The designation can still stand. In other words, the State Department's designation can say this titanium can't be exported, and even though you challenge it in a criminal case, that's not going to affect that designation. They can still not issue licenses that are needed to export that particular item. But in a criminal trial, it has a ripple effect in that when you say to a jury this is- When the government has one or another sort of determination that it has made that some information cannot be exported, why wouldn't that be a matter of law whether it can be exported rather than a matter of fact for the jury? Well, I would go back to this court's decision in Posey where the court said that the government has to prove that a item is outside the public domain in a case like this. And that's been our position as well. If the government has to prove that something is outside the public domain first, then it cannot come in with a designation that something is technical data because that designation and it being unassailable assumes that it's not information in the public domain. In other words, it's part and parcel of that designation. And that's what happened here is that it ends up undermining any defense where you're trying to say this isn't technical data because it's in the public domain. But the court's telling the jury, jurors, you can't consider that. Any information that you've heard or testimony that you've heard that tells you that this is not technical data because it's in the public domain, you can't consider. I want to shift our focus here for a minute. Of course, assuming that the First Amendment plays a role here, we already talked about the Edler and Posey cases in terms of the scope of this, whether it's overbroad and so on. But we haven't talked yet about the fact that your claim is that this is not a content-neutral law. And you indicate that it controls the speech. I don't see where the AECA controls speech. It defines technical data based on function, not its viewpoint. And if that's correct, doesn't O'Brien control and we've got intermediate scrutiny rather than strict scrutiny? Your Honor, the reason that we think it's strict scrutiny is because when you take, in this particular case, you're taking documents that describe a particular electrical engineering function. And what's being analyzed is not the conduct, in other words, not whether this is being exported, but what's in that particular document. But, again, the whole concept of content neutrality in speech is where the government says, we're saying you can't say certain things. And this is more just defining what is controlled is these issues. They're not the regulation itself is not controlling the content of the speech. But it is because what's happening is it's limiting the dissemination of a particular speech that the government finds offensive, for lack of a better word. Did you cite the First Amendment in your motion for new trial? I believe it was. I don't have that. I thought maybe it didn't. They talked about it in the terms of it being overbroad. That's a due process vagueness challenge. I would just say, Your Honor, that, and I pointed this out. Vague and overbroad is a traditional due process language. Right. But I would just point out that even if the Court finds it wasn't raised below, this Court can still consider it as a purely legal question. Well, we could determine whether plain error applied, I suppose. Let me ask you about something else that you just said on the technical data. You said it was wrong for the judge to deprive us of the opportunity to prove that it was in the public domain. But if I understood it correctly, the judge instructed the jury that one of the elements of technical data, that it was information required for defense articles, had to be treated as established. But he told the jury, the government told, or the judge told the jury, the government bears the burden of proving beyond a reasonable doubt that the documents were not in the public domain. Am I mistaken about that being the instruction? No, Your Honor, you're not. My point is this, is that when you tell the jury, and this has to do with the nature of the definition of technical data, something is either technical data meets that definition or it doesn't. The Court told the jury the QED documents, the solid state document, meet the definition of technical data. He then said, and technical data is information that is not in the public domain. And then he said, and any evidence or witness testimony that you heard that contradicts that, you have to disregard. Well, I thought, wait a minute, perhaps my information is incorrect, but I thought that both the government and your client presented a lot of evidence on whether the charged documents existed in the public domain and that the jury was directed to the question of whether the public domain covered the elements of attempting to export and exporting technical data. And specifically, I'm looking at ER 1006, 1014, 1061, and 1064. Is that incorrect? There's no doubt that that evidence was presented. Okay, so each side presented its perspective on whether something was in the public domain. And the judge said, you get to decide that. That's directly contrary to what I heard you just say a minute ago, isn't it? Well, because it's the last party, Your Honor, that we disagree with. The jury never got to decide that. Yes, both sides got to present their evidence on public domain. But this, again, comes back to how you view what technical data is. And this is something that we're asking the Court to look at, to find the elements here. Technical data, if something is technical data, which the Court said to the jury, these documents are technical data. That means it's automatically outside the public domain. You're saying that the judge gave contradictory instructions. On the one hand, he said, you get to decide whether this is in the public domain. And on the other hand, you're saying he said, this is technical data, ergo, it's not in the public domain. Exactly. It's mutually exclusive. And did you object at that point? Did I object? Did you object or the trial counsel? I don't know if you're a trial counsel, but did you object to the judge's contradictory instructions? They did. As a matter of fact, that's even what the defense counsel said. He said to the Court, Your Honor, that's contradictory. And the problem there is. And what did the Court do at that point? The Court said, I don't think it is. I'm not seeing the words that you say there were in the instruction. I'm reading it. Maybe I'm missing a line or something. But it says, as mentioned, the solid state document is information necessary for the design, development, production, manufacture, assembly, operation, testing, or modification of defense articles. However, the solid state document is not technical data if all the information contained in the document was in the public domain. The government must prove beyond a reasonable doubt that the information in the solid state document was not in the public domain. The premise of your argument appears to be that the judge said something different from that. Am I missing something? Yes. With all due respect, Your Honor, yes. He said that. He said earlier, before that instruction that you just read, what he said was, he said, first, testimony that you've been instructed to disregard is not evidence and must not be considered. Then he said. So this is a jury instruction that you're talking about? Yes, Your Honor. And which one is it? It's ER 95. What's the instruction number? I want to say it's 15. But what he says is then he says, all technical data is subject to export control. Technical data is information required for the design, development, production of defense articles. Technical data does not include information in the public domain. And then he says you are instructed that the information contained in the solid state document and information contained in the QED document is required for the design, development, production of defense articles. Okay, but that's just one of the two elements of technical data. No, but, Your Honor, but then he says you must accept this as true. Yes, one of the two elements. But he left the other one, public domain, open. But he didn't, Your Honor. That's our point. He didn't leave it open because if something is technical data, it cannot be in the public domain. The government brought a witness in even to testify about that. He didn't say it was technical data. He just said it was information necessary for making these silent submarines. But that is the definition of technical data. No, it isn't. Yes, it is. No, it isn't. The definition of technical data is in two elements. Number one, that it's necessary for making the silent submarines, and number two, that it's not in the public domain. He took one away from the jury and expressly told them that two is for the jury to decide. But it's the reverse, Your Honor. If the public domain element means anything, it has to be decided first by the jury. The jury has to first decide, is this information in here in the public domain? If it is in the public domain, it can't be technical data. Why do they have to decide that first? Because of the way the statute is written. It's an exception. If something is in the public domain or if it's marketing information about a particular system or if it's a general system description, those three elements are exceptions to technical data. So what you want is for the judge to give both elements to the jury, whether it's necessary for design, development, and so forth of the silent submarines and whether it's in the public domain. And then if they say no, and if they say no to the first, the judge is supposed to strike the verdict and say, well, actually, it is necessary for the design and their answer on public domain controls. No, Your Honor. What we're asking, what we would be asking the Court to do is to say, the first element in this offense is, is something found in the public domain? If the jury finds that the government hasn't proven beyond a reasonable doubt that this information is outside the public domain, the defendant has to be acquitted. Let me ask you this. Did you object to Instruction No. 15? Is that the one? That's the one you just read. Yes, Your Honor. There was an objection. What specifically was stated and at what page? Well, what the defense did is that they offered an alternative instruction. They said, and let me just, if I can just back up for a minute. Sure. The parties were operating under the premise that 277.88H controlled, in other words, that designation by the State Department couldn't be judicially reviewed. So under that premise, even though the defense in a footnote, one of their motions had said that's a due process violation, they then offered the judge an alternative instruction which said, okay, jury, you can consider that the State Department made this designation and it did so on these particular dates. However, you don't have to accept that fact as true. Okay. And let me get to the second part of my question then. Is there an instruction where the court specifically said that this information is not in the public domain? Yes. I mean, that's the instruction that I just said. 15 doesn't say that. 15 talks about the first prong, says that certain aspects of this are used in the design, development, production, and so on. But it doesn't say it's not in the public domain. Is there an instruction where the court said, in effect, you are instructed to find that all these materials that you've been given and identified as technical data are not in the public domain? He says that technical data does not include information in the public domain. He says then you must accept this fact as true regardless of whether you heard any witness testify to the contrary. Which fact? The fact that these documents meet the definition of technical data. Respectfully, counsel, I'm looking at this second thing. It says you were instructed that the information contained in the solid state document and the information contained in the QED document is required for the design, development, production, manufacture, assembly, operation, testing, or modification of defense articles. You must accept this fact, meaning that it's used for these purposes, as true regardless of whether you heard any witness testify to the contrary. That does not say that even though they're going to use them, that they're not in the public domain, because they can use something to do each of these things that may be in the public domain. Isn't that correct? No, it's not, Your Honor. Why is that? Because they're mutually exclusive. By definition, something that's in the public domain is not technical data. And that's clear from the testimony. Oh, wait, wait, wait. The second paragraph of this jury instruction number 15 says nothing about technical data. It says, defines, you're instructed to find the information contained in the solid state document and the QED documents is required for these things. It doesn't say that that's technical data. And it certainly doesn't say that it's in the public domain or not in the public domain. But by definition, what he's saying is these documents meet the definition of technical data. Well, no, I don't see it. You keep saying that, and then I look at the words, and they say the opposite of what you say they say. You say the judge told the jury they must accept that this information is technical data. And I look at the words, and he tells them the opposite, that whether it's technical data or not is up to you, because it depends on whether they're in the public domain. It seems like I can't – I can understand your argument if I make a bunch of assumptions contrary to fact, and that's the only way I can understand it. But, Your Honor, he says you must accept this fact is true. If you – Yeah, and when I look to see what the antecedent of the word this is, the antecedent is the previous sentence, that the information is required for the design development and so forth. Right, which is the definition of technical data. No, it isn't. The definition of technical data is that it's required for the design developments and so forth and is not in the public domain. No. No, Your Honor. I respectfully disagree with that. If something is in the public domain, it's not technical data. It can't be. That's just – So you're saying it's a term of art. It's not common sense. It's a term of art. You mean public domain and technical data? In other words, you're saying if it's technical data, by definition, it's not in the public domain. That's right. Okay. But that's not what the jury instruction says. Well, it does say technical data does not include information in the public domain. Right. But the second paragraph doesn't say it's technical data. It just says that it was used in connection with these things. I'll tell you what. We'll give you a minute to respond. We know you strongly believe your position. Okay. Thank you, Your Honor. And we appreciate that. Let's hear from the government. Good morning. May it please the Court. Greg Staples for the United States. I first wanted to point out an excerpt in the record. A question was asked as to whether the defense objected to the jury instruction on the issue of public domain. And I do not believe they did. And the excerpt of records is beginning on page 72 through 75. And what was proposed, not an objection, but what was proposed. That's an objection to the jury instruction about public domain or about technical data? That's the section that deals with it. Yeah. But it wasn't an objection. It was a proposal by the defense that public domain be separated out from the instruction. That's the alternate jury instruction that Mr. Mayer made reference to, I suppose. I believe so, yes. And, you know, the Court responded that he understood the point by the defense regarding public domain and that he had taken that into account in the instructions that he gave. And I would cite the Court to 127 in the excerpt of record, which is jury instruction 16, which is the instruction that tells the jury what public domain consists of under the statute. For purposes of trial, we narrowed it down to just the categories that applied in our case. Through patents, distribution at a conference, and so forth. But what's important about it is instruction 16 starts out, the government bears the burden of proving beyond a reasonable doubt that the information contained in the QED and solid state documents was not in the public domain. So that really takes away from, at least from the government's perspective, the issue that Mr. Mayer is arguing where he says in 15 that by definition, what the Court said was being used in the, what the jury instruction said was being used in this particular procedure did not define the public domain issue. That's defined in 16, right? That's when the jury gets to decide that. Correct. And all I can say is I heartily agree with the Court's interpretation of 15 as I read it. What the instruction says is the information in these documents was necessary for the design, development, and so forth of a defense article. And I agree with Judge Kleinfeld. That is not technical data. You don't reach the point of technical data until you've determined it's not out in the public domain. Then you know for purposes of the statute that it's technical data subject to export controls. And that's why I think this is entirely based on just a simple semantic misreading of what the instructions say. The Court repeatedly told the jury in the instructions the government has the burden of showing this is not in the public domain. I don't know of any way else. Can you help us on something else, the question whether the First Amendment was raised in the motion for new trial? It seems to be conceded that it was not raised at any other time. So that narrows down our search. Was it raised in the motion for new trial? Not to my recollection. I don't believe that that's in the record, the motion for new trial. I could be wrong. We all have the motion so we can double check it. I'm sorry. Was that a question? No. A statement. We all have the motion right before us and we can check it out. I don't know that I have much else to say unless the Court has questions. I think anything I would tell you now would merely be repeating what's in the government's brief. Any questions of my colleagues? I don't have any other questions. Thank you very much for your argument.  Mr. Mayor, we'll give you a couple of minutes. We took you well beyond the time. But if you want to give us your summation or answer any questions, please do. Thank you, Your Honor. I just want to point out that to say, as the government says, that the judge is not instructing the jury that this was technical data is a bit disingenuous. Because in their closing argument, the prosecutor said, as hard as Mr. Mack's witnesses tried to tell you this is not technical data, it is technical data. The judge just told you so. They said that in their closing argument. Let me just ask you this. We're reviewing this on appeal. We see instruction number 15. We see instruction number 16. We're supposed to apply a common sense approach to it. 16 is what clearly seems to talk about what's in the public domain. If we read this for at least the second paragraph of 15 to completely leave open the issue of whether something is in the public domain, then in effect you lose on this point, do you not? That would be true. But our point is that that's not, when you look at it overall, that's not technical data. We argued your point well, that you don't believe that's what 15 says. And we understand that. And if I may add, Your Honor, ultimately when the court says that you can't, you cannot, anyone who's told you otherwise that this is not technical data, the people that were telling them the jury that it was not technical data were Mr. Mack's witnesses. Well, 16, as I understand your argument, 16, instruction number 16 is totally superfluous. There's just no point in even having it because 15 has already defined the material you're talking about as being not in the public domain. Where am I missing something? No, in this particular case it is. Normally what would happen, what we were asking for, is that the first instruction would be given in the instruction setting. I get that. But given what you've got, is 16 not superfluous if your understanding of 15 is correct? Right. And the reason I think that my understanding is correct is because when the court tells the jury that something is conclusive, it's telling you you don't have any discretion to decide otherwise. I understand. The only witnesses that could have told them that this is not, does not meet this definition that the court just outlined for them were Mr. Mack's witnesses. And Mr. Mack's witnesses said it wasn't technical data because it was in the public domain. I understand. We thank you for your argument, both of you, counsel. And the case of United States v. Mack is submitted. And the Court will stand in recess for the day. All rise. Court stands in recess.
judges: Fletcher, Kleinfeld, Smith